Our third case for argument this morning is in the matter of Jaquez. This appeal raises several jurisdictional and procedural questions, depending on how this court resolves those questions. Either this court or the district court will resolve Mr. Jaquez's underlying request for documents. Well, I must say, counsel, it isn't every day that the appellant asks us to dismiss the appeal, rather than dismissing the appeal himself. That's true. It isn't every day. If you think there's no appellant jurisdiction, why have you not dismissed your own appeal? I think for two reasons. First, this court asked us to brief the jurisdictional questions in this case, and we went ahead and wanted to comply with the court's briefing order. I do think this is an important and, frankly, difficult, somewhat difficult. I think the outcome is clear, but the jurisdictional provisions here and how they relate are somewhat difficult, and it would make good sense to resolve those questions for future litigants. But as regards Mr. Jaquez in particular, he did not want to move to dismiss the appeal. There's no agreement for costs, the other requirements that had to be met to dismiss the appeal. I will say we talked some with the government in the course of the briefing about potential ways to resolve this appeal, and that ultimately was not forthcoming, so we decided to move forward. And as we outlined in our briefing, we think that Mr. Jaquez should obtain the documents and can obtain the documents, whether it's ultimately from this court, taking the government's position on jurisdiction, or if this court returns the case to the district court, it also is well-positioned to grant Mr. Jaquez the documents he requested. Mr. Johnson, precisely what documents are you looking for, or were you seeking below? It was a little bit vague. Yes. So, I think there are two buckets of documents that we really care about at this point. The first are the documents that are referenced in Sergeant Whitmer's affidavit, so these were associated with an August pen register trap and trace order, and Mr. Jaquez described those documents in his motion, including an exhibit referring to those documents. So, that would be one category of documents. And he got the October 2016 pen register, just not the August one, correct? That is correct. So, when he filed his motion, he was not aware of the October one under which the case eventually became docketed and such, but he did get those documents and he's satisfied with the documents associated with that pen register. The other second major bucket is, or comprises the documents that go to the wiretap. So, of course, this wiretap was issued by the district court, the Article III court, and I believe it was in early October as well. So, how could the magistrate judge ever have jurisdiction over a Title III under, as you said, the district court issued it, under the statute 2518AB that governs Title III's, it talks about a judge of competent jurisdiction. Magistrate judges can't issue Title III's. What gives the magistrate judge any kind of jurisdiction over the Title III, separate and apart from the pen register? So, I agree. They could not on their own, certainly not. I think the way that the magistrate judge theoretically could have acted on the Title III request would be, as we described in our brief, a 636B1B designation, either from a I think it's 636D4. Was there such a designation by the district judge? Not that I'm aware of, no. And now that we're on to 636C, did either side file a consent under 636C to a final decision by a magistrate judge? No, they did not. Yeah. So, I do think that the way forward... And you couldn't. I'm sorry to interrupt. Yes. But on the Title III, could you even consent to a magistrate judge to get a Title III that under the statute, the magistrate judge doesn't have jurisdiction over? So, I think in a preliminary way, right? And so, what Title III says, as I understand it, is unlike a warrant, a normal search warrant or perhaps a pen register order, a magistrate judge can't act on the wiretap, nor can he unseal the documents associated with the wiretap. But a district court can designate many, many different matters to a magistrate judge, right? Through 636B1A, B1B, B3. And the Supreme Court said that criminal trials, I think it was the Bois d'Or, and a criminal trial could not be given to a magistrate judge. But almost anything can, just ultimately subject to district court review. Well, not almost anything. That's pretty broad, especially in the criminal arena. Sure. So, maybe not almost anything. Many things can. And I think a district court could have given an unsealing request associated with a wiretap to a magistrate judge in the first instance, but only in the first instance for the report and recommendation under B1B. And then the district court ultimately would have to review that and sign off on the decision one way or the other. Does the clerk's office here bear some responsibility as well? Because when the case got to the clerk's office, it was only associated with the one case from the October warrant. Yes. And there's two other cases here, and ultimately that was probably outside the timeframe that Mr. Yaquez was looking for anyway. So if we do end up engaging in some kind of remand here, should our direction include associating this case with the other, this request with the other two cases? Yes, I think so. And I'm not going to say where responsibility lies. I think it's either the clerk's office, the magistrate judge himself had ruled on the earlier pen register, so not holding him to remember everything he had done in the last five years. But I think either between him or the clerk's office, they should have acknowledged that this was a broader request for relief. In terms of remand, the Betz court case from this court I think is quite clear, and rightly so. Not that I need to agree with Betz, but it says dockets don't matter, or docket designations. Maybe the petitioner calls something one thing. The district court disagrees with what it is. Those sorts of things shouldn't get in the way of what the real dispute is about here. So I think on remand there could be two options. I don't understand this on remand business. If we don't have jurisdiction, what we do is dismiss the appeal. Yes, and direct the district court to rule on a pending motion. No, if we don't have jurisdiction, what we do is dismiss the appeal. We can direct a district judge to do something only if we have jurisdiction. We could dismiss an appeal and say this case is now in the district court, which must decide what to do, but to direct a district judge to do something, we need jurisdiction. So I don't think, obviously you cannot direct the district court to rule one way or the other on the merits. We can't direct a district judge to come to court in the morning to have coffee, right? What's your authority for thinking that a court of appeals that lacks jurisdiction can direct anything? So I think the Supreme Court in this court has been clear that when you issue an order or when you determine you lack appellate jurisdiction, you still have ancillary authority to do the sorts of things judges sometimes need to do when they're deciding cases. I think one of those things here would be to direct the district court, not in a certain time frame. What case do you rely on for the proposition that a court of appeals without jurisdiction can direct a district judge to do anything? So I don't have the case at hand, but I know it's in the brief. I suspect because there isn't one. We have a case in the brief, and I just can't remember what it's in. Courts of appeals all the time say, and you know, we don't have jurisdiction, but the district judge has to decide to, but that's not a direction. Okay. A suggestion. A strong suggestion from the Seventh Circuit to the district court, holding that it lacks jurisdiction, but that this motion, in effect, de facto, has been pending before the district court for a year and a half now, and it needs to take caucuses. Well, we're not. If we're going to say strong things, we could say Jacquet missed his time limit, and therefore the district judge has no authority to do anything further. You don't really want us to say that. Of course I do not. No, of course you don't. I think your cases would make it difficult for you to say that. That's what the prosecutor wants us to say. Definitely, he does. But I think Tamero and your other cases would preclude that sort of strong direction. Mr. Johnson, this comes to us in an odd procedural posture. Usually these type of requests are made, for example, it sounds like he wants to file an ineffective assistance claim in state court, and he would seek these documents through the state court procedural process to try to support his ineffective assistance of counsel to the extent they had anything to do with the underlying criminal case. Has he gone down that route? Has he actually filed something in state court and tried to obtain the information that way? I don't know all the details of what he has and has not done, but I don't think it ultimately matters. There's no administrative exhaustion type requirement here. There is a well-recognized federal common law cause of action under 1331 for judicial records. Some of these records, obviously from the state criminal proceeding, are going to be with the state court. But there's no state court wiretap, right? That's on the district court's docket. And I think there would be difficulties if he wanted to work around and have a state court director. What if the state... He seems to suggest this had something to do with his criminal prosecution and that he asked his lawyer for the documents and the lawyer didn't have them. It wouldn't turn them over, not that he didn't have them. If the lawyer has them, and it's the lawyer who represented him in the state court, you could certainly use the state procedure to get him through the lawyer. I think perhaps if the lawyer had them, and I admit it's not all clear, but in his docketing statement, which is not a pleading, I recognize that, but he does say that the lawyer did not receive them either. I think in this, this is a civil case, the government has recognized that. We should not question his allegations or at least be very wary about suggesting he needs to go work with some state lawyer. We're not sure who he is or what documents he has. And again, ultimately, I don't think he needs to do that. There's no administrative exhaustion requirement. Just because theoretically he could get the documents some other way doesn't mean that this is not a perfectly good way to get the documents. Assuming Rule 42B could apply, why not take the government up on its suggestion and dismiss this case via 42B rather than for lack of jurisdiction? So I don't think... I know you dispute whether or not it applies. Actually, it just can't apply. Let's assume it applies. Sure. Let's assume the second provision of 42B applies. What would be the harm in granting a dismissal under 42B sua sponte? I think there would be two harms. One particular to Mr. Yaquez and one to the law more generally. To Mr. Yaquez first, it would leave the situation quite unclear in terms of what is going to happen next, both for him, for the magistrate judge, for the Northern District of Indiana, for the Article III district court who eventually needs to become involved in some way. So having some, Judge Easterbrook, maybe a strong suggestion, some recommendation about what they might want to do I think would be very helpful in terms of resolving this case. Unless we suggested the prosecutor. Unless you suggested the prosecutor. But your case law doesn't allow you to do that. And then I think, you know, this is an appellate court. You exist to resolve particular disputes, certainly, but to also bring clarity to the law. And the law, frankly, does need some clarity here. You know, by evidence, by the fact that both the government and Mr. Yaquez have cited different provisions. Is this criminal? Is this civil? Does Rule 59 have anything to do with this case? The answer is no. But the fact that the government goes there just shows that there is confusion here. And I think all would benefit from some clarity that this court could provide. Unless the court has questions, I'll reserve the rest of my time. Thank you. Certainly, Mr. Johnson. Mr. Valentini. Good morning. May it please the court. Francesco Valentini for the United States. This case comes to this court in a very unusual posture. And the party's briefing has delved into some complex issues. In the end, however, the court has two legally sound paths to dispose of this case. And both paths lead to fair results because disposition of this case would not prohibit Mr. Yaquez to seek the documents that he appears to want, if he wishes, in a future case, in a future motion, or perhaps in a future FOIA request. The first path is straightforward. This court can take Yaquez's request that this court dismiss his appeal for what he said, construe the request as a motion under Federal Rule of Appellate Procedure 42B, and dismiss this case, and dismiss the appeal. The second path is more winding, but it's also sound. This court could conclude that the magistrate's order was final under Section 1291 and affirm on the merits, whether because, either because— How could we do that consistent with 636C? There are no appeals from a magistrate judge straight to a court of appeals, unless the there is no such consent. So if the magistrate, as we maintain, had authority under 636A1 or under— It doesn't matter. Do you have any case saying that if a magistrate judge has authority to do something, the litigant can appeal straight to the court of appeals without a 636C consent? It's not a 636C case. The United States versus Mew, which is the case cited in the briefing order, holds precisely that. It was decided under 28 U.S.C. 3008, but the text of that statute is precisely to the letter identical to 636B3. And in this case, this court said the magistrate had authority to resolve the garnishment execution issue, which was an issue in that case. It did, and from there, of course, the aggrieved party would have the opportunity and the ability to seek reconsideration in the district court. How could we go that route with respect to the Title III? Because I don't see how, if we use 636B3, we could possibly say that the magistrate judge had the duty to address the Title III. So, bracketing for a second our point about and our argument under 636A1, which is separate from the B3. Yes, I understand that. That's why I'm focused on B3. Absolutely. As to 636B3, there's a distinction between a magistrate authority that may be precluded under Title III to issue an order under Title III and the ancillary power to adjudicate a motion to unseal documents that pertain to a Title III application. Here, we're only dealing with a motion to unseal documents. So, for example... But what in the statute, it says a judge of competent jurisdiction, and it talks about the district court. What in the statute would give a magistrate judge a jurisdiction without a referral from the district court to unseal the Title III itself? Right, there would be a referral, and in this case, there would be a... There is no referral here. But there is an assignment under Rule 636B3 and the local Rule 721C. So, the understanding is that, or the point of that argument is that even for substantive questions over which the district court, the magistrate would not have jurisdiction to issue a substantive order. For instance, issue a Title III order. We agree the magistrate would not have that jurisdiction. Even as to those type of proceedings, the magistrate still has... Rule 636B3 still authorizes. If there's an assignment by the district court, as in this case there is with the local rule that gives the magistrates the full scope of their available authority, then there is authority to decide matters that are not displaced by a statute. Title III does not displace the magistrate's power to rule over a motion to unseal. So, for that reason, we think that under 636B3, there would be authority for the magistrate to have acted, and the decision was subject to reconsideration. Mr. Jackson did not take advantage of the opportunity. The judgment became final. But, perhaps, this takes us back to the point I was making originally in my opening remark, which was that the second path is more winding, and the first path is more straightforward, and it's consistent with exactly what my opponent, Mr. Jack, has asked. And I understand my opponent's point, with the briefing of these complex issues was pursuant to an order of this court, but the fact that this court prompted a briefing does not change the fact that dismissing this appeal by granting the appellant's request construed as a motion under Rule 42B would be the appropriate disposition of this case. It would also be more consistent, certainly, than asserting jurisdiction, in a case where the party, the appellant, does not seek, does not want, the court to appeal to assert jurisdiction, which would have party presentation implications as well. Mr. O'Connor, is there any further questions? We will ask the court to dismiss the appeal under Rule 42B. Thank you. Anything further, Mr. Johnson? Yeah, I just wanted to make one, I think only one final point, and that's about dismissing the appeal under Rule 42B. As we say in our brief, I just think you can do what you want, you're the court. But it would be very hard to get there under the text of the rules. But that aside, what is going to happen if the appeal is just dismissed? Mr. Iacca has filed a pro se motion, setting out fairly clearly, given that it's a pro se motion, what he wants. And to make him restart the case, to redo that process again, when he did it a year and a half ago, in a pretty straightforward and clear way, if you actually read his motion, just doesn't make a lot of sense. It would force him to restart what he did a year and a half ago. It would leave everyone uncertain about what should happen. Whether he could restart, consistent with the law of issue preclusion and claim preclusion, is another question. I don't think it is. If the court dismissed on jurisdiction... You don't even think it's a question? No. So if the United States asserts issue preclusion, that would be a source of sanctions for frivolous conduct? I would not move for sanctions, but I think they would be clearly wrong. If a dismissal for lack of jurisdiction is not on the merits, it's not... No, no, no, no. Not a decision by this court. It's the decision by the magistrate judge. The magistrate judge has already made a decision in this case. The question is, what preclusive effect does that have if your client tries again? I don't think it would have preclusive effect if he appealed on the merits and raised merits arguments as he did, and then the court dismissed for lack of jurisdiction. Why? Take a simple case. The case is tried. There's a jury trial. The jury returns a verdict. An appeal is filed on day 31. And it's dismissed as outside the court of appeal's jurisdiction. Does that mean the plaintiff can try again? No. There's a final decision in the district court, and it's over. Why would this be different? Now, maybe there's some reason why it would be different. But it's not clear. That is another reason why the court should not order the dismissal order. I do see how it could be analogous, but it just would be inappropriate here, given the way the court directed briefing on the jurisdictional issue. Mr. Yarkas' response, whether it ultimately comes from this court or the district court,   Thank you. Thank you. Thank you. Thank you. Thank you. Okay, thank you very much. Thank you. The case is taken under advisement.